77,246-11

DATE: MAY 21, 2015

FROM:

DRAKE L. WILLIS #1575130
H.H. COFFIELD UNIT-TDCJ
2661 FM 2054
TENNESSEE COLONY, TEXAS 75884

This document contains some pages that are of poor quality at the time of imaging.

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 01 2015

Abel Acosta, Clerk

TO:

THE JUSTICE OF
THE COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

RE:

IN EX PARTE DRAKE L. WILLIS, WR-77,246-07
T.C. CAUSE No. F08-24020-T (A&B), IN THE
DISTRICT COURT OF DALLAS COUNTY.

LETTER MOTION REQUESTING LEAVE TO

FILE A PETITION FOR A WRIT OF MANDAMUS

TO THE HON., LOUISE PEARSON, CLERK:

WOULD YOU PLEASE INFORM THE COURT ON MARCH 26,
2013, IN THE ABOVE NUMBERED CAUSE OF ACTION, THAT
RELATOR SUBMITTED A SUPPLEMENTAL APPLICATION
FOR A POST-CONVICTION WRIT OF HABEAS CORPUS ART.-

(cc)

Pg. 1

11.07, TO THE RESPONDENT CLERK OF DALLAS COUNTY FOR FILLING. AS OF THE SUBMISSION DATE OF THIS "LETTER MOTION REQUESTING LEAVE TO FILE A PETITION FOR A WRIT OF MANDAMUS", THIS COURT HAS NOT RECEIVED, NOR RULED UPON RELATOR'S MARCH 26, 2013, SUPPLEMENTAL APPLICATION FOR A POST-CONVICTION WRIT OF HABEAS CORPUS, AS MANDATORY BY V.A.C.C.P. ART. 11.07. RELATOR'S MARCH 26, 2013, SUPPLEMENTAL APPLICATION FOR A POST-CONVICTION WRIT OF HABEAS CORPUS ART. 11.07, IS "FILED" AGAINST REAL PARTIES OF INTEREST, AND RELATOR WILL SHOW THE FOLLOWING:

## RELEVANT STATE OF FACTS

ON APRIL 04, 2013, THE RESPONDENT CLERK OF DALLAS COUNTY, "FILED STAMPED" RELATOR'S MARCH 26, 2013, SUPPLEMENTAL APPLICATION WRIT OF HABEAS CORPUS ART. 11.07, AS "FILED", SHOWING THE RESPONDENT-

Pg.2

(cc)

CLERK RECEIVED RELATOR'S WRIT BEFORE RETURNING THE MARCH 26, 2013, SUPPLEMENTAL APPLICATION TO RELATOR WITHOUT PROCESSING. (SEE RESPONDENT'S APRIL 04, 2013, "STAMP" ON PG. 1, OF RELATOR'S ATTACHED MARCH 26, 2013, WRIT 11.07). (SEE RESPONDENT'S POST MARK DATE MAY 03, 2013, ON RETURN ENVELOPE).

THIS COURT HAS JURISDICTION OVER THE MATTER OF RELATOR'S MARCH 26, 2013, WRIT OF HABEAS CORPUS ART. 11.07. RELATOR REQUEST(S) THIS COURT TO CONSIDER THAT HE'S [U]NSKILLED IN LAW, UNAIDED BY COUNSEL, UNABLE TO LEAVE HIS PRISON, AND INDIGENT. RELATOR HAS PREVIOUSLY FILED ON MAY 04, 2015, "LETTER MOTION REQUESTING LEAVE TO FILE A WRIT OF MANDAMUS" CONCERNING HIS DECEMBER 08, 2011, WRIT OF HABEAS CORPUS ART. 11.07, RELATOR'S "FIRST" INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM AND REQUESTED THIS COURT TO GIVE INQUIRY INTO THE MATTER. (SEE THIS COURT'S-

(cc)

RECORD OF RELATOR'S MAY 04, 2015, "LETTER MOTION RE-QUESTING LEAVE TO FILE A WRIT OF MANDAMUS).

## STATUES

WHEN A PERSON FILES AN APPLICATION FOR A WRIT OF HABEAS CORPUS CHALLENGING A FINAL FELONY CON-VICTION WITH THE CLERK OF THE COURT IN WHICH THE CONVICTION WAS OBTAINED, THE CLERK SHALL ASS-IGN THE APPLICATION TO THAT TRIAL COURT AND SEND A COPY OF THE APPLICATION VIA CERTIFIED MAIL OR PERSONAL SERVICE TO THE ATTORNEY REPRESENTING THE STATE. TEX. CODE CRIM. PROC. ANN. ART. 11.07, § 3(b). THE STATE THEN HAS 15 DAYS TO RESPOND TO THE ALLEGA-TIONS IN THE WRIT APPLICATION. TEX. CODE CRIM. PROC. ANN. ART. 11.07, § 3(b). AFTER THE EXPIRATION OF THE TIME ALLOWED FOR THE STATE TO RESPOND, THE TRIAL COURT IS ALLOWED AN ADDITIONAL 20 DAYS TO DETERMINE WHET-HER THE APPLICATION CONTAINS ALLEGATIONS OF CON-TROVERTED, PREVIOUSLY UNRESOLVED FACTS MATERIAL TO-

(cc)

PG. 4

THE LEGALITY OF THE APPLICANT'S CONFINEMENT. TEX. CODE CRIM. PROC. ANN. ART. 11.07, § 3(c). IF THE TRIAL COURT DETERMINES THAT THE APPLICATION FOR WRIT OF HABEAS CORPUS PRESENTS SUCH ISSUES IT SHALL ENTER AN ORDER WITHIN 20 DAYS OF THE EXPIRATION OF THE TIME ALLOWED FOR THE STATE TO REPLY, DESIGNATING ISSUES OF FACT TO BE RESOLVED. TEX. CODE CRIM. PROC. ANN. ART. 11.07, § 3(c). THIS PROVISION IS MANDATORY.

TEX. CODE CRIM. PROC. ANN. ART. 11.07 REQUIRES THE TRIAL JUDGE TO EITHER (1) ENTER AN ORDER DESIGNATING CONTESTED FACTUAL ISSUES WITHIN 35 DAYS OF THE RECEIPT OF THE WRIT APPLICATION- REGARDLESS OF WHETHER THE STATE FILES A RESPONSE; OR, (2) IF THERE ARE NO UNRESOLVED FACTS TO BE DETERMINED, TO SEND THE APPLICATION AND ALL ASSOCIATED MATERIALS TO THE TEXAS CRIMINAL COURT OF APPEALS. THE LEGISLATURE'S PURPOSE IN SETTING-

PG. 5

(CC)

THESE DEADLINES WAS TO ENSURE THAT POST-CONVICTION CONSTITUTIONAL CLAIMS WOULD BE ADDRESSED AND RESOLVED WITH APPROPRIATE SPEED, EFFICIENCY, AND FAIRNESS. (SEE TEX. CODE CRIM. PROC. ANN. ART. 11.04).

THE PURPOSE OF A WRIT OF HABEAS CORPUS IS TO OBTAIN A SPEEDY AND EFFECTIVE ADJUDICATION OF A PERSON'S RIGHT TO LIBERATION FROM ILLEGAL RESTRAINT. THE VERY PURPOSE OF THE WRIT OF HABEAS CORPUS IS TO SAFEGUARD A PERSON'S FREEDOM FROM DETENTION IN VIOLATION OF CONSTITUTIONAL GUARANTEES. THE PURPOSE OF THE WRIT OF HABEAS CORPUS IS TO OBTAIN A SPEEDY ADJUDICATION OF A PERSON'S RIGHT TO LIBERATION FROM ILLEGAL RESTRAINT.

TEX. CODE CRIM. PROC. ANN. ART. 11.07 DOES NOT AUTHORIZE THE TRIAL COURT TO EXTEND THE TIME LIMITATIONS IMPOSED BY THE STATUTE, OTHER THAN BY A TIMELY ENTRY OF AN ORDER DESIGNATING ISSUES.

(cc)                          PG. 6

WITHOUT A TIMELY ENTRY OF AN ORDER DESIGNATING ISSUES, ARTICLE 11.07 IMPOSES A DUTY UPON THE CLERK OF THE TRIAL COURT TO IMMEDIATELY TRANSMIT TO THE TEXAS COURT OF CRIMINAL APPEALS THE RECORD FROM THE APPLICATION FOR A WRIT OF HABEAS CORPUS, DEEMING THE TRIAL COURT'S INACTION A FINDING THAT NO ISSUES OF FACT REQUIRE FURTHER RESOLUTION. TEX. CODE CRIM. PROC. ANN. ART. 11.07, § 3 (c).

## CITING CASES:

(1) GIBSON V. DALLAS COUNTY DIST. CLERK, 275 S.W. 3d 491 (TEX. CRIM. APP. 2009).

(2) DELEON V. DISTRICT CLERK, 187 S.W. 3d 473 (TEX. CRIM. APP. 2006).

(3) MARTIN V. HAMLIN, 25 S.W. 3d 718 (TEX. CRIM. APP. 2000).

## HABEAS CORPUS KEYS

(cc)                    P9. 7

(1) HABEAS CORPUS KEY 603

STATUTE SPECIFYING PROCEDURE REGARDING APPLICATIONS FOR WRITS OF HABEAS CORPUS DOES NOT SUPPLY AUTHORITY TO THE TRIAL COURT TO EXTEND THE TIME LIMITATIONS IMPOSED BY THE STATUTE, OTHER THAN BY TIMELY ENTRY OF AN ORDER DESIGNATING ISSUES TO BE RESOLVED. VERNON'S ANN. TEXAS C.C.P. ART. 11.07.

(2) HABEAS CORPUS KEY 689

ORDER DESIGNATING ISSUES FOR RESOLUTION IN APPLICATION FOR HABEAS CORPUS, WHICH WAS NOT ENTERED WITHIN 20 DAYS OF EXPIRATION OF TIME FOR STATE TO REPLY TO APPLICATION, WAS UNTIMELY, AND THUS WAS WITHOUT EFFECT. VERNON'S ANN. TEXAS C.C.P. ART. 11.07.

(3) HABEAS CORPUS KEY 742

EVIDENTIARY HEARINGS ARE PARTICULARLY APPROPRIATE IN HABEAS PROCEEDINGS WHEN CLAIMS RAISE FACTS THAT OCCURRED OUT OF THE COURT ROOM AND —

(cc) Pg. 8

OFF THE RECORD.

(4) HABEAS CORPUS KEY 742

EVIDENTIARY HEARING ON A HABEAS CORPUS PETITION IS REQUIRED WHENEVER A PETITIONER'S ALLEGATIONS, IF PROVED, WOULD ENTITLE HIM TO RELIEF, AND NO STATE COURT TRIER OF FACT HAS, AFTER A FULL AND FAIR HEARING, RELIABLY FOUND THE RELEVANT FACTS.

(5) HABEAS CORPUS KEY 819

CLERK OF DISTRICT COURT HAD NO AUTHORITY TO CONTINUE TO HOLD APPLICATION FOR WRIT OF HABEAS CORPUS, AND WAS UNDER MINISTERIAL DUTY TO IMMEDIATELY FORWARD APPLICATIONS RELATED RECORDS TO COURT OF CRIMINAL APPEALS, WHERE UNTIMELY ORDER DESIGNATING ISSUES, WHICH DIRECTED CLERK TO ~~FROM~~ FORWARD ONLY THAT ORDER AND NO OTHER DOCUMENTS TO THE COURT OF CRIMINAL APPEALS, WAS WITHOUT-

(cc)                              pg. 9

EFFECT. VERNON'S ANN. TEXAS C.C.P. ART. 11.07.

(6) <u>CONSTITUTIONAL LAW KEY 328</u>
<u>PRISONS KEY 4 (10.1)</u>

AN APPLICANT FOR HABEAS CORPUS RELIEF HAS A CONSTITUTIONAL RIGHT TO ACCESS TO COURTS AS WELL AS A STATUTORY RIGHT TO FILE AN APPLICATION FOR WRIT OF HABEAS CORPUS WITH THE DISTRICT CLERK. VERNON'S ANN. TEXAS CONST. ART. 1, § 12; VERNON'S ANN. TEXAS C.C.P. ART. 11.07, § 3(b).

(7) <u>STATUTES KEY 75</u>

ONLY THE LEGISLATURE HAS THE RIGHT UNDER THE STATE CONSTITUTION TO SUSPEND STATUTORY LAWS. VERNON'S ANN. TEXAS CONST. ART. 1, § 28.

(8) <u>MANDAMUS KEY 3(2.1), 12</u>

MANDAMUS RELIEF MAY BE GRANTED IF THE RELATOR SHOWS (1) THAT THE ACT SOUGHT TO BE COMPELLED IS PURELY MINISTERIAL, AND (2) THAT THERE IS NO ADEQUATE-

(cc)                              Pg. 10

REMEDY AT LAW.

(9) **MANDAMUS KEY 10**

A RELATOR SEEKING MANDAMUS RELIEF MUST HAVE A CLEAR RIGHT TO THE RELIEF SOUGHT, MEANING THAT THE MERITS OF THE RELIEF SOUGHT ARE BEYOND DISPUTE; THE REQUIREMENT OF A CLEAR LEGAL RIGHT NECESSITATES THAT THE LAW PLAINLY DESCRIBES THE DUTY TO BE PERFORMED SUCH THAT THERE IS NO ROOM FOR THE EXERCISE OF DISCRETION.

(10) **MANDAMUS KEY 4(5), 60**

INMATE WHO HAD FILED TWO APPLICATIONS FOR HABEAS CORPUS RELIEF WITH DISTRICT COURT CLERK, WHICH APPLICATION HAD BEEN RETURNED IN ORIGINAL, UNOPENED ENVELOPE MARKED AS "REFUSED", WAS ENTITLED TO MANDAMUS RELIEF, AS CLERK HAD STATUTORY DUTY TO ACCEPT HABEAS APPLICATIONS, WHICH DUTY WAS-

(cc)                    Pg. 11

MINISTERIAL, AND THERE WAS NO PROVISION FOR INMATE TO APPEAL CLERK'S REFUSAL TO PERFORM THIS DUTY TO ACCEPT AND FILE PAPERS, LEAVING INMATE WITH NO ADEQUATE REMEDY AT LAW. VERNON'S ANN. TEXAS C.C.P. ART. 11.07, § 3(b).

- - - - - - - - - - - - - - - - - -

RELATOR FILED AN APPLICATION FOR HABEAS CORPUS RELIEF AGAINST REAL PARTY OF INTEREST STATED UNDER TEX. CODE CRIM. PROC. ANN. ART. 11.07. (SEE RELATOR'S SUPPLEMENTAL APPLICATION ATTACHED, FILED MARCH 26, 2013). NO NOTICE HAS BEEN GIVEN BY THE RESPONDENT CLERK AS OF TO DATE, THAT THE TRIAL COURT'S ENTERED AN ORDER DESIGNATING ISSUES, AND HAS ELASPED THE LIMITATION PERIOD TO RESPOND SINCE THE SUBMISSION DATE OF RELATOR'S SUPPLEMENTAL APPLICATION FILED IN THE TRIAL-

(cc)

pg. 12

COURT ON MARCH 26, 2013, WHICH RESPONSE HAS NO "EFFECT", AFTER THE TIME LIMITATIONS PROVIDED IN THE STATUE HAS EXPIRED. RELATOR'S WRIT OF SUPPLEMENTAL APPLICATION 11.07, HABEAS CORPUS, "INEFFECTIVE ASSISTANCE OF COUNSEL", WAS TIMELY FILED ON MARCH 26, 2013, AFTER THE SUBMISSION DATE OF THE ORIGINAL APPLICATION FILED ON FEBRUARY 21, 2011. AS OF THE SUBMISSION DATE OF THE "LETTER MOTION REQUESTING LEAVE TO FILE A PETITION FOR A WRIT OF MANDAMUS", THIS COURT HAS NOT RECEIVED RELATOR'S MARCH 26, 2013, SUPPLEMENTAL APPLICATION FOR A POST-CONVICTION WRIT OF HABEAS CORPUS 11.07, AND THE RESPONDENT CLERK OF DALLAS COUNTY, HAS NOT SUBMITTED ANY INFORMATION SHOWING THAT EITHER, THE ORDER DESIGNATING FACT-

PG. 13

(CC)

UAL ISSUES AND SERVICE TO THE ATTORNEY REPRESENT-
ING THE STATE WAS TIMELY ENTERED.

ARTICLE 11.07 DOES NOT AUTHORIZE THE TRIAL COURT TO
EXTEND THE TIME LIMITATIONS IMPOSED BY THE STATUE,
OTHER THAN BY A TIMELY ENTRY OF AN ORDER DESIGNATING
ISSUES. McCREE V. HAMPTON, 824 S.W. 2d 578, 579 (TEX. CRIM.
APP. 1992). WITHOUT A TIMELY ENTRY OF AN ORDER DESIG-
NATING ISSUES, ARTICLE 11.07 IMPOSES A DUTY UPON
THE CLERK OF THE TRIAL COURT TO IMMEDIATELY TRANSMIT
TO THIS COURT THE RECORD FROM THE APPLICATION FOR A
WRIT OF HABEAS CORPUS, DEEMING THE TRIAL'S COURT'S
INACTION A FINDING THAT NO ISSUES OF FACT RE-
QUIRE FURTHER RESOLUTION, ART. 11.07, § 3 (c).

THE RESPONDENT CLERK OF DALLAS COUNTY, HAD STATU-
TORY DUTY TO ACCEPT RELATOR'S MARCH 26, 2013, SUPPLE-
MENTAL APPLICATION FOR A POST-CONVICTION WRIT
OF HABEAS CORPUS ART. 11.07, WHICH RESPONDENT'S DUTY—

(CC)                                PG. 14

WAS MINISTERAL, AND THERE WAS NO PROVISION FOR RELATOR TO APPEAL RESPONDENT CLERK'S REFUSAL TO PERFORM THIS DUTY TO ACCEPT AND FILE HABEAS APPLICATION, LEAVING RELATOR WITH NO ADEQUATE REMEDY AT LAW. VERNON'S ANN. TEXAS C.C.P. ART. 11.07, § 3 (b).

AN APPLICANT FOR HABEAS CORPUS RELIEF HAS CONSTITUTIONAL RIGHT TO ACCESS TO COURTS AS WELL AS A STATUTORY RIGHT TO FILE AN APPLICATION FOR WRIT OF HABEAS CORPUS WITH THE DISTRICT CLERK. TEX. CONST. ART. I, § 12; TEX. CODE CRIM. PROC. ART. 11.07, § 3(b). FURTHER MORE, ONLY THE LEGISLATURE HAS THE RIGHT TO SUSPEND STATUTORY LAWS. TEX. CONST., ART. I, § 28.

AS PREVIOUSLY DISCUSSED, THE RESPONDENT CLERK HAS A DUTY TO ACCEPT AN APPLICATION UNDER ARTICLE 11.07. SEE SECTION 3(b). THE DUTY IS MINISTERAL. THUS, THE FIRST REQUIREMENT FOR MANDAMUS RELIEF-

(CC)                          P9, 15

IS FULFILLED. "THERE IS NO PROVISION FOR AN APPEAL CONCERNING THE CLERK'S REFUSAL TO PERFORM THE MINISTERAL DUTY TO ACCEPT AND FILE PAPERS." "THE INABILITY TO APPEAL LEAVES RELATOR WITH NO ADEQUATE REMEDY AT LAW." WINTERS, 118 S.W. 3d AT 775. THEREFORE, RELATOR HAS MET THE SECOND REQUIREMENT FOR MANDAMUS RELIEF. ALL REQUIREMENTS FOR MANDAMUS RELIEF HAVE BEEN FULFILLED.

THE DISTRICT, RESPONDENT CLERK OF DALLAS COUNTY, HAS NO AUTHORITY TO REFUSE RELATOR'S MARCH 26, 2013, SUPPLEMENTAL APPLICATION POST-CONVICTION FOR A WRIT OF HABEAS CORPUS ART. 11.07, AND IS UNDER MINISTERAL DUTY TO IMMEDIATELY FORWARD THE SUPPLEMENTAL APPLICATION AND ALL RELATED RECORDS IN CAUSE NO. F08-24020-T (A&B), FILED IN THE 283rd JUDICIAL DISTRICT COURT OF DALLAS COUNTY, TO THIS COURT, WHICH RESPONSE PERIOD HAS ELASPED PASSED-

(cc)

TWO (2) YEARS SINCE THE SUBMISSION DATE OF RE-
LATOR'S MARCH 26, 2013, SUPPLEMENTAL APPLICATION FOR
A POST-CONVICTION WRIT OF HABEAS CORPUS ART. 11.07.

RELATOR HAS ATTACHED A COPY OF HIS MARCH 26, 2013,
SUPPLEMENTAL APPLICATION FOR A WRIT OF HABEAS CORPUS
11.07, WHICH RELATOR FILED WITH THE RESPONDENT CLERK
OF DALLAS COUNTY, FOR PROCESSING. THE RESPONDENT
STAMPED THE WRIT AS BEING "FILED" ON APRIL 04, 2013,
BUT LATER RETURNED THE WRIT AS OF POSTAL DATE ON THE
RETURNED ENVELOPE MAY 03, 2013, ADDRESSED TO RELATOR,
WITHOUT BEING PROCESSED TO THE ATTORNEY REPRESENT-
ING THE STATE AS REQUIRED UNDER THE PROVISIONS
RELATED TO WRIT OF HABEAS CORPUS ART. 11.07. (SEE
RETURN ENVELOPE DATED MAY 03, 2013), (SEE RESPONDENT'S
FILED STAMP ON PG. 1, OF WRIT 11.07). THE RESPONDENT HAD
STATUTORY DUTY TO ACCEPT AND FILE RELATOR'S HAB-

(CC)                    PG. 17

EAS CORPUS 11.07, APPLICATION, LEAVING RELATOR WITH NO ADEQUATE REMEDY AT LAW. VERNON'S ANN. TEXAS C.C.P. ART. 11.07, § 3 (b).

THE TEX. CODE CRIM. PROC., ART. 11.04 ("EVERY PROVISION RELATING TO THE WRIT OF HABEAS CORPUS SHALL BE MOST FAVORABLY CONSTRUED IN ORDER TO GIVE EFFECT TO THE REMEDY, AND PROTECT THE RIGHTS OF THE PERSON SEEKING RELIEF UNDER IT"); SEE EX PARTE KERR, 64 S.W. 3d 414, 419 (TEX. CRIM. APP. 2002) ("THE PURPOSE OF A WRIT OF HABEAS CORPUS IS TO OBTAIN A SPEEDY AND EFFECTIVE ADJUDICATION OF A PERSON'S RIGHT TO LIBERATION FROM ILLEGAL RESTRAINT.") (CITING BLACKLEDGE V. ALLISON, 431 U.S. 63, 71, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1997) ("[T]HE VERY PURPOSE OF THE WRIT OF HABEAS CORPUS [IS] TO SAFEGUARD A PERSON'S FREEDOM FROM DETENTION IN VIOLATION OF CONSTITUTIONAL GUARANTEES") AND EX PARTE RAMZY, 424 S.W. 2d 220, 223 (TEX. 1968) ("THE—

(CC)

PURPOSE OF THE WRIT OF HABEAS CORPUS IS TO OBTAIN A SPEEDY ADJUDICATION OF A PERSON'S RIGHT TO LIBERATION FROM ILLEGAL RESTRAINT").

RELATOR HAS ATTACHED A COPY OF HIS MARCH 26, 2013, SUPPLEMENTAL APPLICATION POST-CONVICTION WRIT OF HABEAS CORPUS ART. 11.07. THEREFORE RELATOR REQUESTS THIS COURT TO ISSUE A WRIT OF MANDAMUS WITH THE MANDATE OF ARTICLE 11.07, V.A.C.C.P.

RESPECTFULLY SUBMITTED,
Mr. Drake L. Willis #1575130
H.H. COFFIELD UNIT-TDCJ
2661 FM 2054
TENNESSEE COLONY, TX. 75884

Pg. 19

(cc)

## COURT OF CRIMINAL APPEALS OF TEXAS
## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

### INSTRUCTIONS

1. You must use the complete form, which begins on the following page, to file an application for a writ of habeas corpus seeking relief from a final felony conviction under Article 11.07 of the Code of Criminal Procedure. (This form is not for death-penalty cases, probated sentences which have not been revoked, or misdemeanors.)

2. The clerk of the trial court in which you were convicted will make this form available to you, on request, without charge.

3. You must file the entire writ application form, including those sections that do not apply to you. If any pages are missing from the form, or if the form has been downloaded and the questions have been renumbered or omitted, your entire application will be returned as non-compliant. If your application is returned as non-compliant, the clerk of the trial court will write a note of the defect on your application and return the form to you without filing it.

4. You must make a separate application on a separate form for each judgment of conviction you seek relief from. Even if the judgments were entered in the same court on the same day, you must make a separate application for each one.

5. Answer every item that applies to you on the form. You may use additional pages only if you need them for item 17, the facts supporting your ground for relief. Do not attach any additional pages for any other item 17.

6. You must include all grounds for relief on the application form as provided by the instructions under item 17. You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17.

7. Do not cite cases or other law in this application form. Do not make legal arguments in this form. Legal citations and arguments may be made in a separate memorandum.

8. You must verify the application by signing either the Oath Before Notary Public or the Inmate's Declaration, which are at the end of this form on pages 11 and 12. You may be prosecuted and convicted for aggravated perjury if you make any false statement of a material fact in this application.

9. When the application is fully completed, mail the original to the clerk of the convicting district court. Keep a copy of the application for your records.

10. You must notify the clerk of the convicting district court of any change in address after you have filed your application.

Case No. _____
(The Clerk of the convicting court will fill this line in.)

FILED

2013 APR -4 AM 10: 07

GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO.. TEXAS
BY_____DEPUTY

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

APPLICATION FOR A WRIT OF HABEAS CORPUS
SEEKING RELIEF FROM FINAL FELONY CONVICTION
UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: DRAKE LAFAYETTE WILLIS

DATE OF BIRTH: July 11, 1973
PLACE OF CONFINEMENT: COFFIELD UNIT - TDCJ-CID

TDCJ-CID NUMBER: 01575130          SID NUMBER: _____

(1)     This application concerns (check all that apply):

　　　　🗶     a conviction　　　　　　□     parole

　　　　🗶     a sentence　　　　　　　□     mandatory supervision

　　　　□     time credit　　　　　　　□     out-of-time appeal or petition for
　　　　　　　　　　　　　　　　　　　　　　discretionary review

(2)     What district court entered the judgment of the conviction you want relief from?
        (Include the court number and county.)

        283rd JUDICIAL DISTRICT COURT, DALLAS, DALLAS COUNTY, TEXAS

(3)     What was the case number in the trial court?

        F08-24020-T

(4)     What was the name of the trial judge?

        THE HON, RICK MAGNIS

THIS IS A SUPPLEMENTAL APPLICATION TO THE ORIGINAL
APPLICATION IN 11.07, APPLICATION # W08-24020-T(A&B),
PENDING IN THE TRIAL COURT AND FILED ON 2-21-11, AMENDED
ON July 13, 2011, AND AMENDED ON 12-08-11.

1

(CC)

(5) Were you represented by counsel? If yes, provide the attorney's name:

THE HON., APRIL E. SMITH, STATE BAR # 18532800

(6) What was the date that the judgment was entered?

MAY 1, 2009

(7) For what offense were you convicted and what was the sentence?

AGGRAVATED SEXUAL ASSAULT (CHILD)

(8) If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

(9) What was the plea you entered? (Check one.)

☐ guilty-open plea          ☐ guilty-plea bargain
☒ not guilty               ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

(10) What kind of trial did you have?

☐ no jury                   ☐ jury for guilt and punishment

☒ jury for guilt, judge for punishment

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

YES - GUILT, INNOCENCE

(12) Did you appeal from the judgment of conviction?

☒ yes                       ☐ no

2

(cc)

Revised: September 1, 2011                              ATC-11.07

If you did appeal, answer the following questions:

(A)     What court of appeals did you appeal to? FIFTH DISTRICT- DALLAS

(B)     What was the case number? 05-09-00537-CR

(C)     Were you represented by counsel on appeal? If yes, provide the attorney's name:
THE HON. DEBORAH FARRIS, STATE BAR #06843200

(D)     What was the decision and the date of the decision? AFFIRMED-6-22-10

(13)    Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes                    ☒ no

If you did file a petition for discretionary review, answer the following questions:

(A)     What was the case number? _____

(B)     What was the decision and the date of the decision? _____

(14)    Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐ yes                    ☐ no

If you answered yes, answer the following questions:

(A)     What was the Court of Criminal Appeals' writ number? PENDING

(B)     What was the decision and the date of the decision? _____

(C)     Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

THIS IS A SUPPLEMENTAL APPLICATION TO RAISE AN ADD-
ITIONAL CLAIM. DUE TO THE APPLICANT'S INEXPERIENCE
AND DID NOT RECOGNIZE THE CLAIM BEING PRESENTED
IN THIS SUPPLEMENTAL APPLICATION.

3

(CC)

_____

_____

(15) Do you currently have any petition or appeal pending in any other state or federal court?

☒ yes            ☐ no

If you answered yes, please provide the name of the court and the case number:

_283rd JUDICIAL DISTRICT, 11.07, APPLICATION # W08-24020-T(A)(B)_

(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes            ☐ no

If you answered yes, answer the following questions:

(A) What date did you present the claim? _____

(B) Did you receive a decision and, if yes, what was the date of the decision?

_____

If you answered no, please explain why you have not submitted your claim:

_____

_____

_____

_____

(17) Beginning on page 6, state _concisely_ every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. _If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds._

4

(CC)

If you have more than four grounds, use page 10 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence.

You may attach a memorandum of law to the form application if you want to present legal authorities, but the Court will *not* consider grounds for relief in a memorandum of law that were not stated on the form application. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

## RELEVANT STATE OF FACTS

APPLICANT WAS INDICTED FOR "AGGRAVATED SEXUAL ASSAULT" OF KIYANNA BRESHAY WINKFIELD, APPLICANT'S NINE YEAR OLD STEP-DAUGHTER, AND WAS SENTENCED TO 40 YEARS CONFINEMENT IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE (R.R. VOL. 5, AT PGS. 14-15).

ON AUGUST 25, 2008, APPLICANT'S COUNSEL, THE HON., APRIL E. SMITH, SBN-18532800, P.O. BOX 870550, MESQUITE, TEXAS 75187, WAS APPOINTED. ON OCTOBER 28, 2008, COUNSEL FILED MOTION FOR INVESTIGATOR, TO INTERVIEW APPLICANT'S NUMEROUS WITNESSES PRIOR TO TRIAL. ON APRIL 27, 2009, COUNSEL FILED A CONTINUATION FOR THE TESTIMONY OF SHAROCKLYN N. SHELTON AT TRIAL, AS MATERIAL TO APPLICANT (C.R. VOL. 1, AT PGS. 4, 9-10, 36-39).

APPLICANT TOLD THE HON., JUDGE RICK MAGNIS, THAT HIS TRIAL COUNSEL, THE HON., APRIL E. SMITH DIDN'T OBTAIN RE-QUESTED EVIDENCE AND WITNESSES FOR HIS TRIAL (R.R. VOL. 4, AT PGS. 55-56).

1.) "C.R.", REFERS TO THE ONE VOLUME OF CLERK'S RECORDS.
2.) "R.R.", REFERS TO THE COURT REPORTER'S RECORDS.

CONTINUED ON ATTACHED PAGE # 14

5

(CC)

Revised: September 1, 2011                                          ATC-11.07

# SUPPLEMENTAL CLAIM

**GROUND ONE:**
APPLICANT CONTENDS THAT HIS TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE, WHERE COUNSEL DID NOT, THROUGHLY INVESTIGATE, PRESENT EVIDENCE, COMPETENCY HEARING, NOR CONTACTED FAVORABLE WITNESSES FOR DEFENSE. THUS DEPRIVING HIS RIGHT TO DUE-PROCESS.

**FACTS SUPPORTING GROUND ONE:**
AT TRIAL APPLICANT DISCLOSED TO THE TRIAL COURT'S JUDGE, THAT HIS COUNSEL, DIDN'T OBTAIN REQUESTED EVIDENCE, AND ALIBI WITNESSES FOR HIS DEFENSE (R.R. VOL. 4, AT PGS. 55-56). THEREFORE, COUNSEL WAS INEFFECTIVE SINCE SHE FAILED TO CONTACT ALIBI WITNESSES DESPITE THE FACT THAT THE ALIBI WAS THE APPLICANT'S SOLE POSSIBLE DEFENSE. COUNSEL FAILED TO PRESENT THE EVIDENCE OF CELL PHONE RECORDINGS IN APPLICANT'S BEHALF (R.R. VOL. 3, AT PGS. 169-170, 178, 188, 191, 193); (R.R. VOL. 5, AT PGS. 11-13, OF DEFENDANT'S EXHIBIT NO. 3); (R.R. VOL. 5, AT PGS. 1-6 OF DEFENDANT'S EXHIBIT NO. 2). COUNSEL FAILED TO PRESENT THE EVIDENCE, MRS. SHELTON USED TO COACH HER DAUGHTER KIYANNA WINKFIELD TO OUTCRY (R.R. VOL. 5, AT PGS. 4-5, 7 OF DEFENDANT'S EXHIBIT NO. 2); (R.R. VOL. 5, AT PGS. 27, 29-30 OF DEFENDANT'S EXHIBIT NO. 3) FALSE CHARGES AGAINST APPLICANT IN 2003 (R.R. VOL. 3, AT PG. 175); APPLICANT'S PHONE CONVERSATION WITH MRS. SHELTON ON THE DAY THE COMPLAINANT, KIYANNA B. WINKFIELD SAID SHE HURT (R.R. VOL. 3, AT PGS. 201-204) THE EVIDENCE OF MRS. SHELTON'S MENTAL ILLNESS (R.R. 4, AT PGS. 19, 56-57), (R.R. VOL. 5, AT PGS. 3-4 OF DEFENDANT'S EXHIBIT NO. 2), THE EVIDENCE OF CELL PHONE CALL, AND TEXTING BETWEEN MRS. TAMEEKA L. HAYES-SMITH # 972-201-8930, AND APPLICANT'S CELL # 214-994-9173 (METRO PCS) MARCH-APRIL 2008 (R.R. VOL. 3, AT PGS. 169-170, 178), (R.R. VOL. 5, AT PGS. 1-6 OF DEFENDANT'S EXHIBIT NO. 2) —

CONTINUED ON ATTACHED PAGE # 18

6

(CC)   Revised: September 1, 2011                    ATC-11.07

**GROUND TWO:**

_____

_____

**FACTS SUPPORTING GROUND TWO:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

7

Revised: September 1, 2011

**GROUND THREE:**

_____

_____

**FACTS SUPPORTING GROUND THREE:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

8

**GROUND FOUR:**

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

9

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

10

# VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

## OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner

(circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according

to my belief, the facts stated in the application are true."


_____
Signature of Applicant / Petitioner (circle one)


SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20__.


_____
Signature of Notary Public


11

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, _____, am the applicant / petitioner (circle one) and being presently

incarcerated in _____, declare under penalty of perjury that, according to my belief,

the facts stated in the above application are true and correct.

Signed on _____, 20_____.

_____
Signature of Applicant / Petitioner (circle one)

12

ATC-11.07

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, _DRAKE L. WILLIS_____, am the applicant / petitioner (circle one) and being presently incarcerated in _ANDERSON COUNTY, TX,_____, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _MARCH 26,_____, 20 _13_.

_____
Signature of Applicant / Petitioner (circle one)

12

(cc)

ON MAY 16, 2008, THE HON. PHILIP LINDER, APPLICANT'S COUNSEL, AND THE HON. D.A. CHRISTIE MEIN, GAVE A PROFFER TO THE HON. JUDGE RICK MAGNIS OF MS. SHAROCKLYN N. SHELTON'S NUMEROUS WRITTEN LETTERS, AND PHONE CALLS, TO PHILIP LINDER, TO THE D.A. AND TO THE POLICE, THAT SHE COACHED HER DAUGHTER TO OUTCRY, ALSO THE WITNESSES FROM 48 TO 72 HOURS, SAYING "I MADE IT UP. I WAS MAD AT HIM, I'VE DONE IT BEFORE" (R.R. VOL. 5, AT PGS. 11-13, OF DEFENDANT'S EXHIBIT NO. 3).

AFFIDAVIT BY MS. SHAROCKLYN N. SHELTON IN 2003 TO DISMISS FAULSE CHARGES AGAINST THE APPLICANT (R.R. VOL. 3, AT PG. 175).

MS. SHAROCKLYN N. SHELTON CONFESSED IN HER LETTER TO D.A. MS. CHRISTIE MEIN TO HAVING THE EVIDENCE SHE USED TO CAUSE HER DAUGHTER TO OUTCRY (R.R. VOL. 5, AT PG. 4-5/7 OF DEFENDANT'S EXHIBIT NO. 2) (R.R. VOL. 5, AT PGS. 27, 29-30 OF DEFENDANT'S EXHIBIT NO. 3).

MS. SHAROCKLYN N. SHELTON'S, HISTORY OF MENTAL ILLNESS, AND HER FAMILY'S HISTORY OF PSYCHOSIS (R.R. 4, AT PGS. 17, 56-57) (R.R. VOL. 5, AT PGS. 3-4 OF DEFENDANT'S EXHIBIT NO. 2).

APPLICANT'S PHONE RECORDING'S OF CONVERSATIONS, AND TEXTING TO THE WOMEN THAT CAUSED MS. SHAROCKLYN N. SHELTON TO BEING ANGRY MARCH-APRIL 2008 (R.R. VOL. 3, AT PGS. 169-170, 178, 188, 191, 193) (R.R. VOL. 5, AT PGS. 1-6 OF DEFENDANT'S EXHIBIT NO. 2).

APPLICANT'S PHONE CONVERSATION WITH MS. SHAROCKLYN N. SHELTON ON THE DAY HE EXAMINED KIYANNA BRESHAY WINKFIELD OF HER COMPLAINT OF HURTING (R.R. VOL. 3, AT PGS. 201-204).

PAGE 14

CONTINUED ON ATTACHED PAGE NO. 15

(CC)

APPLICANT'S WITNESS, MS. SHAROCKLYN N. SHELTON WAS THREE TIMES THREATEN, ONCE WHILE TESTIFING MAY 16, 2008, AND TWICE BY C.P.S. OF LOSING PARENTAL RIGHTS TO HER CHILDREN, AND BY THE STATE WITH CHARGES IF SHE TESTIFIED AT APPLICANT'S TRIAL (R.R. VOL. 11 AT PGS. 36-39) (R.R. VOL. 3, AT PGS. 29-30) (R.R. VOL. 5, AT PGS. 22-23 OF DEFENDANT'S EXHIBIT NO. 3).

APPLICANT'S WITNESS/HIGH SCHOOL GIRLFRIEND, MRS. TAMEEKA LASHUN HAYES-SMITH, 351 CHAPARRAL Rd. #806, ALLEN, TEXAS-75002, CELL #972-201-8930. MRS. SMITH, AND APPLICANT, CELL #214-994-9173 (METRO PCS) VISITED EACH OTHER, TALKED ON THE CELL PHONE DAY AND NIGHT, ALSO SENT NUDE PHOTOS TO EACH OTHER. ON OTHER OCCASIONS, APPLICANT DIDN'T LEAVE MRS.- SMITH'S HOME UNTIL LATE MORNINGS OF MARCH-APRIL 2008. MRS. SHAROCKLYN N. SHELTON HAD ASKED APPLICANT, TO STOP TALKING TO MRS. SMITH. ON MARCH 23rd, 2008, SUNDAY NOON WHILE MRS. SMITH, AND APPLICANT WHERE TALKING ON THE CELL'S, MRS. SHELTON, AND APPLICANT BEGAN TO ARGUE. MRS. SMITH WAS UPSET, SAID SHE WOULD COME TO APPLICANT'S HOUSE TO DEAL WITH MRS. SHELTON. APPLICANT ENDED THE CONVERSATION, AND CALLED MRS. SMITH BACK, AND EXPLAINED WHAT HAPPENED BETWEEN MRS. SHELTON AND APPLICANT. MRS. SMITH WARNED APPLICANT, THAT MRS. SHELTON WOULD DO SOMETHING TO APPLICANT, AND WOULD CALL TO MAKE SURE APPLICANT WAS WELL (R.R. VOL. 3, AT PGS. 169-170, 178), (R.R. VOL. 5, AT PGS. 1-5 OF DEFENDANT'S EXHIBIT NO. 2), (SEE ATTACHED JPAY LETTER TO 11.07 FROM TAMEEKA L. HAYES-SMITH).

CONTINUED ON ATTACHED PAGE #16

(CC)

APPLICANT'S REQUESTED WITNESS; MRS. KIMBERLY ANN HUMPHRIES-GREER (KIM), GIRLFRIEND OF APPLICANT BEFORE HIS ARREST. MRS. HUMPHRIES, MRS. SHELTON, AND APPLICANT LIVED TOGETHER FROM DECEMBER 2006 - FEBRUARY 2008; SHARED A INTIMATE RELATIONSHIP TOGETHER AND OFTEN SLEPT IN THE SAME BED. AFTER MRS. HUMPHRIES DIFFICULTIES WITH MRS. SHELTON (SHAY), MRS. HUMPHRIES DECIDED TO LIVE IN IRVING TX., WITH HER SISTER UNTIL SHE FINISHED SCHOOL FOR MEDICAL BILLING. MS. HUMPHRIES, CELL # 469-???-0808 OR 8080 (METRO PCS), APPLICANT'S CELL # 214-994-9173 (METRO PCS) IN CONJUNCTION WITH MRS. HUMPHRIES CELL, CALLED EACH OTHER FROM FEBRUARY - APRIL 2008; MADE (SEVERAL) DIFFERENT PLANS TOGETHER. THE LAST WEEK OF MARCH 2008, MRS. HUMPHRIES CALLED APPLICANT VERY UPSET. AS APPLICANT TALKED TO MRS. HUMPHRIES THAT MORNING, MRS. SHELTON WAS LAYING NEXT TO APPLICANT AND COULD HEAR MRS. HUMPHRIES COMPLAINT'S. MRS. HUMPHRIES, ASKED WHERE MRS. SHELTON (SHAY) WAS, THEN SAID SHE KNOW'S I'M STILL HAVING SEX WITH (SHAY) BUT THAT SHE HAS NEEDS ALSO AND WHEN WOULD APPLICANT TAKE CARE OF THEM? APPLICANT TOLD MRS. HUMPHRIES TO LET HIM TAKE CARE OF ALL THE BILLS, CAUSE HE DIDN'T KNOW IF HIS BROTHER KEVIN La'WON WILLIS WHOM HAD BEEN LIVING WITH APPLICANT FOR THE PAST 10 MONTHS, WOULD HAVE HIS PART OF THE RENT. APPLICANT, AND MRS. HUMPHRIES MADE PLANS OF BEING TOGETHER, STARTING FRIDAY NIGHT, APRIL 4TH 2008 - APRIL 7TH 2008 MONDAY MORNING (R.R. VOL.-5, AT PGS. 2-3, 5-6 OF DEFENDANT'S EXHIBIT NO. 2) (R.R. VOL. 3, AT PG. 178).

CONTINUED ON ATTACHED PAGE # 17

(CC)

MRS. HUMPHRIES, AND APPLICANT, FOR SEVERAL MONTHS TRIED TO INVESTGATE WHAT WAS HAPPENING INSIDE THE UP STAIRS MASTER BEDROOM WHERE MRS. SHELTON, AND THE CHILDREN SLEPT, WHILE MRS. HUMPHRIES, AND APPLICANT SHARED A DOWN STAIRS ROOM DIRECTLY UNDER THE MASTER BEDROOM AT 4815 SPINDRIFT PASSAGE, GARLAND, TX. 75043, FROM JULY - NOVEMBER 2007 (R.R. VOL. 4, AT PG.15)(R.R. VOL. 4, AT PG. 177)(R.R. VOL. 3, AT PG.193)(SEE ATTACHED LETTER JULY 13, 2009, AT PG. 3). MRS. HUMPHRIES, AND APPLICANT, WOULD CALL OR TEXT #214-994-5802 (METRO PLS) TO MRS. SHELTON'S #214-280-???? (VIRGIN MOBILE CELL) AND ASKED WHO WAS IN THE ROOM MOVING AROUND? WHEN MRS. HUMPHRIES, AND APPLICANT WENT TO INVESTIGATE, WE BOTH WOULD SEE APPLICANT'S BROTHER MR. KEVIN La'WON WILLIS, IN THE HALLWAY, IN HIS BOXERS WITH AN ERECTION GOING TO HIS ROOM UP STAIRS. MRS. HUMPHRIES, AND APPLICANT CONFRONTED MRS. SHELTON NUMEROUSLY, AND ASSUMED THAT HER, AND KEVIN WERE SLEEPING TOGETHER BUT SHELTON WOULD STRONGLY SAY SHE WASN'T. MRS. HUMPHRIES WANTED ME TO PUT THEM BOTH OUT THE HOUSE. APPLICANT'S BROTHER LATER WALKED INTO THE BEDROOM WHILE MRS. HUMPHRIES WAS GETTING DRESSED FROM HER BATH, AND WOULDN'T LEAVE UNTIL MRS. SHELTON WENT INSIDE THE ROOM AFTER HEARING THE COMMOTION. BOTH WOMEN CALLED APPLICANT, TOLD WHAT HAPPENED, ASKED APPLICANT TO IMMEDIATELY COME HOME BECAUSE THEY DIDN'T FEEL SAFE BEING IN THE HOUSE WHILE APPLICANT'S BROTHER WAS THERE. BOTH WOMEN WANTED APPLICANT TO TELL HIS BROTHER TO LEAVE (R.R. VOL. 3, AT PG.191) "NOT UNLESS I HAD MY BROTHERS TRUCK" (SEE ATTACHED LETTER 12-19-09 AT PGS. 1-2). COMPLAINANT (KIYANNA WINKFIELD) WAITED TO TELL (R.R. VOL. 3, AT PG. 69).

(CC)

<u>CONTINUATION OF SUPPORTING FACTS FOR SUPPLEMENTAL CLAIM</u>
<u>AT PAGE # SIX (6).</u>

THE EVIDENCE OF CELL PHONE RECORDINGS BETWEEN MRS. KIMBERLY ANN HUMPHRIES-GREER #469-???-0808 OR 8080, AND APPLICANT CELL #214-994-9173 (METRO PCS) FEBRUARY-APRIL 2008 (R.R. VOL. 3, AT PG. 178), (R.R. VOL. 5, AT PGS. 2-3, 5-6 OF DEFENDANT'S EXHIBIT NO. 2). APPLICANT CONTENDS HE DISCLOSED COUNSELS MISREPRESENTATION TO THE HON., TRIAL JUDGE RICK MAGNIS OF NOT OBTAING EVIDENCE AND ALIBI WITNESSES IN HIS BEHALF. THE TRIAL COURT ABUSED IT'S DESCRETION; KNOWING THAT COUNSEL VIOLATED, APPLICANT'S RIGHTS TO DUE-PROCESS PURSUANT TO THE FOURTH, FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ART. 1, SECTION 10 OF THE TEXAS CONSTITUTION. THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION GIVES EVERY DEFENDANT THE RIGHT TO HAVE WITNESSES CALLED IN ORDER THAT THEY MAY TESTIFY IN HIS BEHALF AT TRIAL. APPLICANT'S CONVICTION IS ILLEGAL IN AS HE WAS DENIED HIS RIGHT TO HAVE WITNESSES IN HIS BEHALF, THE RIGHT TO DUE-PROCESS AND DUE-COURSE OF LAW, GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I § 19 OF THE TEXAS CONSTITUTION. THESE RIGHTS WHERE VIOLATED WHEN APPLICANT'S WITNESS, MRS. SHAROCKLYN N. SHELTON WAS THREATEN BY THE STATE WITH CHARGES, AND C.P.S. WITH THE LOST OF PARENTAL RIGHTS OF HER CHILDREN, THEREFORE VIOLATING APPLICANT'S RIGHT TO WITNESSES (R.R. VOL. 1, AT PGS. 36-39) (R.R. VOL. 3, AT PGS. 29-30) (R.R. VOL. 5, AT PGS. 22-23 OF DEFENDANT'S EXHIBIT NO. 3), DO TO INTIMIDATION OF MRS. SHELTON NOT TO TESTIFY IN APPLICANT'S BEHALF.

<u>CONTINUED ON ATTACHED PAGE # 19</u>

(CC)

CONTINUATION OF SUPPORTING FACTS FOR SUPPLEMENTAL CLAIM
AT PAGE # EIGHTEEN (18).

ON AUGUST 25, 2008, APPLICANT'S COUNSEL, THE HON. APRIL
E. SMITH, REQUESTED FOR INVESTIGATOR, TO INTERVIEW APPLI-
CANT'S NUMEROUS WITNESSES PRIOR TO TRIAL, WHICH BEGAN APRIL
27, 2009. ON OCTOBER 28, 2008, COUNSEL FILED MOTION FOR INVESTIGA-
TOR. ON APRIL 27, 2009, COUNSEL FILED A CONTINUATION FOR THE
TESTIMONY OF MRS. SHAROCKLYN N. SHELTON AS MATERIAL TO APPLI-
CANT'S CAUSE (C.R. VOL. 1, AT PGS. 4, 9-10, 36-39). APPLICANT CONTENDS
THAT COUNSEL ABANDON HER DUTYS TO ASSIST APPLICANT'S INTEREST.
COUNSEL NEVER MADE ANY EFFORTS TO ASSERT APPLICANT'S INNOCENCE
OR PURSUE A DISMISSAL OF THE CASE. COUNSEL SHOULD NOT RELY ON
THE VERACITY EITHER OF APPLICANT'S VERSION OF THE FACTS OR WITNESS
STATEMENTS IN "THE STATES FILE"... COUNSEL "ONLY" INVESTIGATION OF
FACTS, CONSISTED ALMOST EXCLUSIVELY OF READING STATES REPORTS
AND CONVERSATIONS WITH DISTRICT ATTORNEY AND APPLICANT'S COUNSEL
DID NOT TRY TO CONTACT WITNESSES, HAD COUNSEL DONE SO, INTERVIEWS
WOULD HAVE REVEALED BENEFICIAL INFORMATION. COUNSEL FAILED
TO INTERVIEW "ANYONE", HAD COUNSEL DONE SO COUNSEL WOULD HAVE
LEARNED ABOUT INVESTIGATION OF FACTS. APPLICANT ARGUES THAT
COUNSEL FAILED TO ADEQUATELY INVESTIGATE THE FACTS. COUNSEL
HAD ADEQUATE TIME TO CONTACT THE WITNESSES BEFORE APPLICANT
WENT TO TRIAL ON THE ALLEDGED OFFENSE. THE INVESTIGATOR
FOR COUNSEL DID VERY LITTLE NEXT TO NOTHING IN THE INVESTI-
GATION OF FACTS OR EVIDENCE TO THE FOVOR OF APPLICANT.

CONTINUED ON ATTACHED PAGE # 20

(CC)

<u>CONTINUATION OF SUPPORTING FACTS FOR SUPPLEMENTAL CLAIM</u>
<u>AT PAGE # NINETEEN (19).</u>

IF COUNSEL HAD CONDUCTED AN THOROUGH INDEPENDANT INVE-STIGATION OF ALL THE CUMULATIVE FACTS AND COMMUNICATED WITH APPLICANT WEIGHING ALL THESE FACTORS WHICH WOULD CLE-ARLY HAVE ESTABLISHED APPLICANT'S INNOCENCE, AND CONSIDERED APPLICANT'S INPUT AND RECOMMENDATIONS SHE WOULD UNDOUBTEDLY CONSTRUCTED A QUALITIVE AND MUCH MORE EFFECTIVE DEFENSE ON BEHALF OF APPLICANT, THEREBY EFFECTIVE A DIFFERENT OUTCOME.

HAD APPLICANT KNOWN, BEFORE TRIAL, THAT HIS COUNSEL DIDN'T HAVE HIS REQUESTED ALIBI WITNESSES FOR TRIAL, APPLICANT "WOULD" NOT HAVE WENT TO TRIAL. IT IS FUNDAMENTAL THAT COUNSEL MUST HAVE A FIRM COMMAND OF THE FACTS OF THE CASE AS WELL AS THE LAW BEFORE SHE CAN RENDER REASONABLY EFFECTIVE ASSISTANCE OF COU-NSEL. COUNSEL ALSO HAS A RESPONSIBILITY TO SEEK OUT AND INTER-VIEW POTENTIAL WITNESSES AND FAILURE TO DO SO IS TO BE <u>INEF-FECTIVE</u>, IF NOT <u>INCOMPETENT</u>, WHERE THE RESULT IS THAT ANY VIABLE DEFENSE AVAILABLE TO THE APPLICANT IS NOT ADVANCED.

COUNSEL'S ASSISTANCE WAS SO DEFECTIVE AS TO REQUIRE A REVERSAL; COUNSEL'S ERRORS WAS SO SERIOUS THAT COUNSEL WAS NOT FUNCTIONING AS "COUNSEL" GURANTEED APPLICANT BY THE SIXTH AMENDMENT AND DEFICIENT PERFORMANCE PREJUDICED THE DEFE-NSE BY DEPRIVING APPLICANT TO A FAIR TRIAL, WHOSE RESULTS ARE RELIABLE.

PAGE 20
<u>CONTINUED ON ATTACHED PAGE # 21</u>

(CC)

MRS. APRIL E. SMITH, COUNSEL FOR APPLICANT AT TRIAL, (I) NOT REQUIRE THE EXPERTISE OF A PSYCHIATRIC WITNESS, FOR MRS. SHARDCKLYN NISHAY SHELTON, WHOM SANITY AT COURT HEARINGS, AND AT THE TIME OF THE OFFENSE WAS "SERIOUSLY AN ISSUE" DO TO MRS. SHELTON'S STATEMENTS OF HEARING "VOICES", A MENTAL ILLNESS AND THEIR INFLUENCE TO CAUSE HER TO ACT. TRIAL COURT ABUSED ITS DISCRETION TO CONSTITUTIONAL DUTY TO INQUIRE FURTHER INTO WHETHER A PSYCHIATRIC EXAMINATION OR APPOINTMENT OF EXPERT PSYCHIATRIC WITNESSES WAS REQUIRED AT ALL PROCEEDINGS FOR THE BEHALF OF APPLICANT'S LIBERTY INTEREST AND HIS WITNESS, MRS. SHARDCKLYN NISHAY SHELTON (R.R. VOL. 4, AT PGS. 17, 56-57) (R.R. VOL. 5, AT PGS. 3-4 OF DEFENDANT'S EXHIBIT NO. 2). APPLICANT IS BEING ILLEGALLY CONFINED, AND THE EVIDENCE ADDUCED DURING APPLICANT'S TRIAL IS SUFFICIENT TO WARRANT, INEFFECTIVE ASSISTANCE OF COUNSEL.

THE RELEVANT STATEMENT OF FACTS ON PGS. NO. - 5, 14, 15, 16, 17, AND ATTACHED LETTERS, JPAY, JUL 13, 2009, AND 12-19-09 OF THIS APPLICATION ARE INCORPORATED AS PART OF THE SUPPORTING FACTS FOR THIS SUPPLEMENTAL CLAIM, WHICH FACTS, IF TRUE, MIGHT ENTITLE HIM TO RELIEF.

## EVIDENTIARY HEARING REQUEST

APPLICANT SUBMITS THAT THERE IS A NEED FOR THE FURTHER DEVELOPMENT OF THE FACTS RELEVANT TO HIS SUPPLEMENTAL CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL, AND REQUESTS THAT THIS COURT WOULD ORDER THAT AN EVIDENTIARY HEARING BE CONDUCTED. FURTHER, APPLICANT OPPOSE THE DEVELOPMENT OF THE FACTS VIA AN AFFIDAVIT, BECAUSE AFFIDAVITS CANNOT BE CROSS-EXAMINED.

(CC)

**You have received a JPAY letter, the fastest way to get mail**

From : TAMEEKA L HAYES-SMITH, CustomerID: 1256605
To (Inmate): DRAKE LAFAYETTE WILLIS, ID: 01575130
Date : 12/19/2009 1:23:06 PM EST,   Letter ID: 6023513
Location : NE

12-19-09

HEY BIG HEAD,

I RECEIVED ALL THE MAIL THAT YOU SENT ME. I RECEIVED THE BIG PACKAGE WITH ALL THE LETTERS YOUR AUNT FANNIE & SHAY HAD WRITTEN FOR YOU. THERE'S NO NEED TO SEND ANYONE AROUND HERE. I READ ALL THE LETTERS IN THE BIG PACKAGE. WOW! YOU KNOW EVERYTHING HAPPENS FOR A REASON. I REALLY BELIEVE THAT.
REMEMBER WHEN I WAS TELLING YOU THAT IT'S ONLY SO MUCH SHAY IS GONNA TAKE FROM YOU. REMEMBER WHEN I WAS TELLING YOU YOU NEED TO SETTLE DOWN AND BE WITH ONE WOMEN (NOT ME) BUT THAT OTHER CHICK. MAN, YOU SURE DIDNT LISTEN.
THE REASON I HADN'T WRITTEN YOU IS BECAUSE I WAS TRYING TO TAKE CARE OF MY FIANCE' BUSINESS AND IN BETWEEN CALLING THE PLACES YOU ASKED ME TO. HE JUST GOT TRANSFERRED ON 12-2-09 BACK TO DALLAS FROM TDCJ-WINNSBORO. RIGHT NOW HE'S SITTING IN DALLAS COUNTY ON A BENCH WARRANT FOR THEM TO REINSTATE HIM BACK ON PROBATION. WHAT'S UP WITH ME & THA RUFF NECK MEN? SMILE. GOTTA LOVE EM'. BACK TO YOUR BUSINESS..ENOUGH OF MINE.

I CALLED THAT TEMPORARY SERVICE (EMPLOYEE SOLUTIONS) AND THEY EXPLAINED TO ME THAT THEY CANT RELEASE ANY INFORMATION TO ME. THEY ALSO EXPLAINED THAT ON YOUR OLD CHECK STUBS/TAX RETURNS YOU SHOULD BE ABLE TO GET THAT INFORMATION. YOU MIGHT WANT TO CONTACT THE IRS AGAIN BECAUSE THEY CAN GIVE YOU WHO YOUR OLD COMPANY WENT THROUGH FOR THEIR 401k. IF IT'S FIDELITY, I HAVE THEIR ADDRESS. AFTER YOU FIND THAT OUT, I CAN GO FROM THERE. CAN I SEND A REAM OF TYPING PAPER MYSELF OR DOES IT HAVE TO COME FROM STAPLES? LET ME KNOW.

YOU DONT HAVE TO WORRY ABOUT ME CONTACTING YOUR FAMILY, OUR ASS WASNT THAT CLOSE ANYWAYS. DRAKE IF YOU KNOW THAT YOUR FAMILY IS NO GOOD, THEN WHY KEEP FOOLING WITH THEM? I KNOW THAT YOU WANT TO BELIEVE THAT THEY LOVE AND CARE ABOUT YOU, BUT LOOK AT THIS SITUATION RIGHT HERE. YOU KNOW THAT MESSY PEOPLE ATTRACT AND HANG WITH THOSE TYPE OF PEOPLE.

DRAKE STAY PRAYED UP.
WRITE ME BACK

MEEKA

EXHIBIT: #1

Dear Drake,                    12-19-09

How are you doing? I got your letter today it was alot for me to think about. I do recall alot of what you said. I'm not mad at you about Ki just so you know. I'm mad at you because you failed your family. If only you had listened to me when we lived on Spindrift this wouldn't have happened. Do you remember when you accused me of your brother, I told you that you need to choose either he leaves or I leave? We got into it and all you could say was how you put up with my family. If it were me and I felt something was going on with you and 1 of my family members they would not have been in my house! You chose him over US!! And that pisses me off. I should have followed my heart. If you're wondering what I'm saying, I mean I should have taken the kids and left! I stayed not because of you but because I didn't want our kids to be without their father. Now look, because I stayed they are without their father. You broke up our family not me, all because you wanted things to go your way and I tried to let you do your thing

even though it was killing me inside and this is the result of me being weak minded and letting you be in control. I squashed all of these feelings but your letter made me relive them. I have been asking myself over and over why did you let him stay what was the purpose? You asked me why do I care about the way you feel for me the answer is in the letter I wrote. I asked if there was anyway we could be friends and raise our kids together without any more drama because they have been through enough. You want to know where the woman is you fell in love with? Let me tell you, she changed when the relationship changed. For every action there's a reaction you of all people know that. Think about the way you used to punish me when I didn't talk to you or do something your way. Enough of the past because I can't take thinking about all the bad times, I only want to hold on to the good times we had. As for the statement you made about I keep dissing you left and right, that's not true, I'm dealing with reality. Just in case you don't know, reality is I'm in love with

Drake Willis, ~~a ring~~ a man that once swept me off my feet every time he looked at me, touched me, kissed me, caressed me, made love to me and let me fall!! I know that things would never be the same for us after all this has happened. It's just too much for two people to try and fix. I was with you because I love you and you always told me that you was with me for the kids and you had pity for me because you thought I couldn't make it on my own without you. What do you think that does to someones ego, self esteem, self-confidence. You wonder why I always put myself down. I don't want to live like before. If I can't have complete satisfaction in every aspect of my life I'd rather be alone. You see you misunderstand me I'm not dissing you, I'm being truthful to myself. I love you more than you could ever imagine or even know but I can't trust myself with you. When I'm with you I change and not in a good way. I don't want us to hurt each other anymore. I dream about us being back together all the time

but a dream is only a dream. I sometimes tell myself that I should give us another chance but there are no gaurantees that things won't be the same between us. I don't want to take a risk on maybe's and end up hurt all over again. I honestly don't believe my heart or ~~mind~~ mind is strong enough to overcome another broken heart. My love for you isn't going any where because no matter how much I try to get over you, I can't and to be honest with you, I don't want to get over you because you are the greatest love of my life. You wanted an insight of my mind so I'm giving it to you. My question to you is can you handle it? Or better yet can you handle me as a person, as a woman? I ask you how you feel about me because I don't want to be thinking one way and it's really another. Putting everything on the table, I'm torn between wanting to be with you and letting go of us as a couple forever. My heart is conflicting with itself and I'm afraid to make the wrong decision. What keeps playing

in my head is, if I be with you will I get a bigger disappointment than before, if I let us go will I have regrets and wonder what if for the rest of my life. Life and love have no promises of tomorrow and I don't know what to do. You know what, I'm sorry I shouldn't be dumping all this on you because you already have too much on your plate to deal with, the things that go on in my head I need to keep them there like I've been doing. It just seemed so easy to write to you like when we first got together, and I wrote you a letter and told you how I felt about you. I miss you very much as well as the kids. 😢 I won't drag on any longer because I know you're tired of reading my ups and downs. Merry Christmas Drake, please know that I love you Baby.

Love Always,

~Stacy Stetton~

-AKA-

Juicy

P.S.
WYB/S
P.S.S.

Don't send any more of her letters. we are not together and you don't owe me any explanations!! 😕 I can tell that there's more than ministering so

Drake,

I pray this letter reaches you well. You had a lot to say in your last letter. Now it's my turn to speak!! You want to know what's going on with me so I'm going to let you know. I'm in this place in my life where I can't trust. If I don't protect my heart and put my gaurd up then who will? I won't go through what I've been through again. I know you have changed and so have I. I just don't want to relive the past cause my heart can't take another blow when it comes to love. I really don't know what I can do to show you what I feel like inside. To keep every one from worrying about me I put on a smile and say I'm okay! I know that time and the Lord will heal me. I'd be lieing if I said I don't think of you. In fact there's not an hour that goes by that I don't think of you!!! My heart just won't let me live past the pain. I honestly don't know how to let it go i've been

trying and I can't. I love ~~you~~ you with everything in me but I just don't know. Where I'm at right now I don't believe that I ever want to be married. My dream was to have the love that my Grandparents had, the love that lasted til the end. Instead I got disappointment, abuse, and unfaithfullness. Do you really want to know what's going on with me still? I'm a wreck and asking for God to repair me. It's like I'm standing still reliveing my entire past over and over again in my mind. I want to move forward, I really do it's just so much pain, anger, and resentment built up in me, that I feel as if I'm going to explode for holding everything inside all the time. I'm so so sorry I can't be with you because everytime I think of you, I think of them and it's just to much for me to deal with. You had so much anger towards me when you was out and now it's like nothing I can't do that. When you

was out I used to walk around and smile like everything was okay and inside I was crying and my ego wouldn't let me show you how I was really feeling. When I read in your letter about Kim, hearing me downstairs and coming in the room it made me angry all over again because as you recall when she came in _you_ went back downstairs to be with _her_ not _me_. I'm telling you now stop asking me to think about all that. When _you_ ask me to remember things I don't just remember the part you are talking about I remember it all and I want to leave it in the past. Like I said in my letter ~~the bad~~ the bad times out weigh the good. SO WHAT ARE WE REALLY FIGHTING FOR???

You stopped fighting to be with me for months did I visit change that? I stopped fighting to be with you to protect the kids and look how that turned out. My mind is a constant battle with _me_ and _me_!! I know it sounds crazy but it's the ~~truth~~ truth, I'm fighting myself because of the way my life is, I don't blame anyone.

About your other son, congrats maybe you should see if there's still something between you and his mother. That could be who you was meant to be with. You always said the woman you have kids with will be the woman you marry well, I'm not the only woman you have a child with! Life is crazy, isn't it?? Sometimes I hate myself so much that I want to take my own life and I know for a fact that if I didn't have kids I would. I'm a failure why would you want me you have said it yourself a hundred times. Just do both of us a favor and let me go because I'm not worth it, my head is so screwed up it's unreal. One minute I'm okay the next I'm far gone who wants to live with that? There's nothing in particular that set's me off, I just come and go. I'm sorry that you don't like the way I talk in my letters but it's what's on my mind as I'm writting. You asked me if you don't have me in your life then what do you have? The answer is you have kids, The Lord, and peace. You always said you wanted peace well,



without me in your life you have peace!! You see you always assumed that I never listened to you, I did but you didn't take notice of me crying for help inside, you did you. I learned alot about — You when you got locked up not trough you but through your other women that's what is hurting me to. Well, enough of my sad life, The kids are doing okay, I'll send pictures of them with my next letter, I have to get film developed first. I pray that everything works out for you when you go back to court. I know that we can be friends again, we never had problems there. When we was together everything was alright in the bedroom but once we was done in there and we stepped out the war was back on, so what was our relationship really to you? I need more than SEX and I feel that there's only one man who can completly satisfy my needs and thats Jesus Christ, I'll end my letter here cause as you can tell my mind is going back and forth with different things.

Love, Always,
Shay





KEY
TO MY
HEART



Drake "n" Shay

Learn to unlock my heart first
before anything!!



# "What A Woman"

A Woman has amazing strengths.
She can deal with stress & carry
heavy burdens; She smiles when she
feels like screaming. She sings when
She feels like crying. She cries when
She's happy & laughs when she's
afraid. Her love is unconditional.
There's only 1 thing wrong with her....
She forgets what she's worth!!

Return Her
Unconditional

LOVE!!!

# "Beautiful Black Woman"

Being a beautiful black woman
is hard.
We are hated on, lied on, even
cheated on.
But we still keep holding on.

Being a beautiful black woman
is hard.
We are categorized, ~~criticized~~ criticized,
and even strategized.
But we still keep holding on.

Being a beautiful black woman
is wonderful too.
We are strong, mysterious,
loving, empowered, and even
soft hearted.
And we will always keep holding on.

Love who you are then love
the next because you will
be able to appreciate the
person that they are inside
and out.